IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON EARL FOULKS, | : |
|     Plaintiff | : No. 3:CV-04-1305 |
| | : |
|     v. | : (JUDGE NEALON) |
| | : (MAGISTRATE JUDGE MANNION) |
| C.O. KLAPP, ET AL., | : |
|     Defendants | : |

**ORDER**

On June 17, 2004, Plaintiff, an inmate currently incarcerated at the U.S.C. - Lewisburg, commenced the present civil rights action pursuant to 28 U.S.C. § 1331. (Doc. 1). The complaint alleges excessive force and cruel and unusual punishment by prison staff including, *inter alia*, that Plaintiff was assaulted by defendant Klapp and that the other named defendants witness the assault; that he was placed in four-point restraints which were too tight, resulting in nerve damage to his hands; and that he was denied meals for 20 hours. On December 22, 2004, Defendants filed a Motion for Summary Judgment, and thereafter filed a supporting brief on January 5, 2005. (Docs. 21-22). Plaintiff filed a brief in opposition to Defendants' motion on January 25, 2005, and subsequently filed a Motion for Summary Judgment on January 26, 2005. (Docs. 23-24). After he filed a supporting brief on January 31, 2005, Defendants filed a brief in opposition to his motion on Febuary 10, 2005. (Docs. 25-26).

On May 27, 2005, United States Magistrate Judge Malachy E. Mannion issued

a Report and Recommendation in this matter wherein he recommended that the Defendants' motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied.  (Doc. 35).  The Magistrate Judge recommended that Defendants' motion for summary judgment be granted inasmuch as Plaintiff failed to exhaust his administrative remedies with respect to the claims raised in his complaint.  As noted in the Report and Recommendation, although Plaintiff has filed approximately 48 requests for administrative remedies, four (4) of which address the issues raised in the present action, none have been fully exhausted through a final appeal to the Central Office.  Moreover, although Plaintiff's cross-pleadings argue that he has exhausted his administrative remedies with respect to the claims he now brings, the Magistrate Judge correctly concluded that while he may have properly exhausted his administrative remedies in order to bring an action under the Federal Tort Claims Act, 28 U.S.C. § 2672, *et seq.*, he is unable to establish that his claims have been fully exhausted as required prior to commencing a Bivens[1] suit under 28 U.S.C. § 1331.

No objections were filed to the Magistrate Judge's Report and Recommendation.  After careful review and in the exercise of sound judicial discretion, the Court adopts the Magistrate Judge's Report and Recommendation.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

ACCORDINGLY, THIS 5th DAY OF JULY, 2005 IT IS HEREBY ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 35) is ADOPTED.

2. Defendants' Motion for Summary Judgment (Doc. 21) is GRANTED.

3. Plaintiff's Motion for Summary Judgment (Doc. 24) is DENIED.

4. The Clerk of Court is directed to close this case.

5. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                                          s/ William J. Nealon  
                                          United States District Judge